UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------- X

MARC-SCOT REALTY CORP. and
WILLIE CONSTRUCTION, LLC,                    **NOT FOR PUBLICATION**

                        Plaintiffs,          **ORDER ADOPTING REPORT**
                                             **& RECOMMENDATION**

      -against-
                                             08-CV-4070
PRAETORIAN INSURANCE COMPANY,                (KAM)(JMA)
formerly known as THE HANNOVER
INSURANCE COMPANY,

                        Defendant.

----------------------------------------- X

**MATSUMOTO,** UNITED STATES DISTRICT JUDGE**:**


        Plaintiffs Marc-Scot Realty Corporation ("Marc-Scot")

and Willie Construction, LLC ("Willie"), (collectively,

plaintiffs), commenced the instant action against defendant

Praetorian Insurance Company ("Praetorian" or "defendant")

seeking a declaration as to their claims to additional insurance

coverage in connection with a personal injury action pending in

the Supreme Court of the State of New York, Kings County (the

"underlying action").  (See Doc. No. 1, Complaint ("Compl.").)

Plaintiffs claimed entitlement to defense and indemnification in

the underlying action as "additional insureds" under a Commercial

General Liability insurance policy (the "policy") issued by

defendant to Arch Builders, Inc. ("Arch"), the general contractor

for the project at which the injury occurred (the "occurrence")

on property owned by Marc-Scot.  Both plaintiffs and defendant

moved for summary judgment seeking a declaratory judgment as to defendants' obligations to defend and indemnify plaintiffs under the policy.

On October 26, 2009, the court referred these motions to Magistrate Judge Joan Azrack for a report and recommendation ("R&R"). (See Order dated 10/26/09.) On January 12, 2010, Judge Azrack issued an R&R recommending denial of plaintiffs' motion for summary judgment and grant of defendant's cross-motion for summary judgment. (See Doc. No. 30, R&R dated 1/12/10.) Specifically, Judge Azrack recommended that the court dismiss the complaint and declare that defendant is not obligated to defend and indemnify plaintiffs in the underlying action. (See id. at 2.)

The R&R addressed the following questions: (1) who/what entities qualified as an "additional insured" and were thereby entitled to insurance coverage under the policy?; (2) was timely notice of a potential claim provided as required by the notice-of-occurrence provision contained in the policy?; and (3) if notice was untimely, was late notice excused by a justifiable lack of knowledge of the insurance coverage and evidence of reasonably diligent efforts to ascertain whether coverage existed? (See generally id.) With respect to the first question, Judge Azrack found, based on the record, that Marc-Scot was not an "additional insured" but that Willie qualified as an

additional insured and that plaintiffs were therefore entitled to a declaration that the policy covered Willie as an additional insured. (See id. at 8-12.) With respect to the second question, Judge Azrack found that plaintiffs' failure to notify defendant of the occurrence or tort action until thirty months after the occurrence and thirteen months after plaintiffs received the certificates of insurance was untimely as a matter of law. (See id. at 12-14.) As to the third question, Judge Azrack found that plaintiffs' untimely notice was not excused. (See id. at 14-16.) Accordingly, Judge Azrack concluded and recommended that plaintiffs' failure to timely notify defendant of the occurrence or the tort action without reasonable excused vitiated the insurance contract, allowed defendant to disclaim coverage, and entitled defendant to summary judgment. (See id. at 12-16.)

Plaintiff filed objections to each of Judge Azrack's conclusions (see Doc. No. 31, Plaintiffs' Objections to the R&R dated 1/28/10 ("Objections" or "Obj.")), defendant responded to the objections (see Doc. No. 32, Defendant's Response to Plaintiffs' Objections dated 2/11/10 ("Def. Opp.")), and plaintiffs filed a reply (see Doc. No. 33, Ltr. from Plaintiffs dated 2/11/10 ("Pl. Reply Ltr.")).[1]

---

[1]    Defendant claims that plaintiffs' Objections were untimely filed and therefore should not be considered by the court. (See Def. Opp. at 1-2 (citing Small v. Sec'y of HHS, 892 F.2d 15, 16 (2d Cir. 1989).) Specifically,

A district court reviews those portions of a report and recommendation to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). The district court may accept those portions of a report and recommendation to which no objections have been made provided there is no clear error apparent on the face of the record. Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd 164 F.3d 618 (2nd Cir. 1998). This clearly-erroneous standard of review also applies where a party makes only "conclusory or general objections, or simply reiterates his original arguments." Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453 at *2 (S.D.N.Y. Mar. 4, 2002); see also Camardo v. GM Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory or general and constitute a rehashing of the same arguments and positions taken in original pleadings).

---

defendant contends that the Objections, filed on January 28, 2010, fail to comply with either the ten-day deadline set forth in the R&R, which expired on January 22, 2010 (see R&R at 17 (ordering objections to be made within ten days from the date of entry of the R&R)), or the fourteen day deadline set forth in the recently-amended Federal Rules of Civil Procedure, which expired on January 26, 2010 (see Fed. R. Civ. P. 72(b) (providing fourteen-day period for objections)). In response, Plaintiffs assert that the January 28, 2010 filing complied with the docket entry text accompanying the R&R, which indicated that the time to respond expired on 1/28/10 (see Dkt. text accompanying Doc. No. 30.). (See Pl. Reply Ltr.) Because the court recognizes the potential for confusion created by the discrepancy between the deadlines set forth in the R&R and the docket entry text accompanying the R&R, the court has chosen to consider plaintiffs' arguments but has rejected them

Here, plaintiffs' Objections essentially incorporate and restate precisely the same arguments made in support of its underlying motion and in its response to defendant's motion. Nonetheless, the court has applied the *de novo* standard here and has thoroughly reviewed and considered *de novo* the record, Judge Azrack's well-reasoned and thoroughly researched R&R, plaintiffs' Objections to the R&R, and the applicable law.

First, plaintiffs contend that the R&R "begins with an incorrect premise which is thereafter compounded by further incorrect conclusions based upon the first." (See Obj. at 1.) Specifically, plaintiffs assert that the R&R erred in concluding that Marc-Scott does not qualify as an "additional insured" under the policy because the R&R improperly conflated the three separate "additional insured" endorsements of the policy and failed to recognize that additional insured coverage was available under the policy "when either . . . an organization is included as an additional insured on a certificate of insurance or . . . Arch has agreed in a contract or agreement that [] such organization be added [as] an additional insured." (Id. at 5.)

Plaintiffs misread and misconstrue the R&R's conclusions. Contrary to plaintiffs' assertions, the R&R did not conflate the additional insured endorsements and instead engaged in the correct disjunctive analysis. Indeed, the R&R thoroughly

_____

on the merits.

reviewed both alternative bases for coverage, and then explicitly concluded that "[p]laintiffs failed to submit any evidentiary proof that the terms of defendant's policy or the contract between Willie and Arch provide coverage of Marc-Scot as an additional insured."  (See R&R at 12 (emphasis added).)  Moreover, in finding that the terms of the policy do not provide coverage to Marc-Scot as an additional insured, the R&R relied on the fact that the 2005-06 Certificate, effective for the time of the occurrence, simply fails to name Marc-Scot as an additional insured.  (See id. at 10.)  This fact disqualifies Marc-Scot for coverage under the "Blanket Additional Insured" endorsement relied on by plaintiffs notwithstanding plaintiffs' repetitive and conclusory arguments that the failure to name Marc-Scot was "obviously" a "ministerial error."  (See Obj. at 5-7.)   The court therefore finds plaintiffs' objection as to Marc-Scot to be without merit.

Second, plaintiffs object to the R&R's conclusions that Willie's notice was untimely and unexcused as a matter of law. (See id. at 3.)  Plaintiffs claim that Arch's "independent decision" not to notify defendant of the occurrence should not affect defendant's obligation to defend and indemnify plaintiffs under the holding of Wausau Underwriters Ins. Co. v. QBE Ins. Co, 496 F. Supp. 2d 357 (S.D.N.Y. 2007).  Plaintiff ignores the fact that Wausau is factually distinguishable from this case because,

as the R&R points out, the Wausau court permitted an additional

insured to excuse its untimely notice by relying on the named

insured's notice to the insurer.  By contrast, here, there is no

dispute that Arch, the named insured, never notified defendant of

the occurrence, and repeatedly advised plaintiffs that Arch did

not have applicable insurance coverage.  (See R&R at 12, n.1.)

Instead, without citing any authority, plaintiffs insist that

Wausau stands for the proposition that additional insureds are

categorically exempt from timely notice provisions.  (See Obj. at

9.)  Having reviewed the decisional authority the court finds no

support for this position and instead adopts Judge Azrack's

correct conclusion that the Wausau holding does not categorically

free an additional insured from its notice obligations.

Finally, the court has reviewed plaintiffs' remaining

objections and finds them to be without merit.  Accordingly,

after due consideration, the court denies plaintiffs' objections

and adopts the R&R in its entirety as the opinion of the court.


## CONCLUSION

For the reasons articulated in the R&R, plaintiffs'

motion for summary judgment is denied and defendant's motion for

summary judgment is granted.  The Complaint is dismissed and the

court declares that defendant is not obligated to defend and

indemnify plaintiff in the underlying action.  The Clerk of the


7

Court is respectfully requested to take the necessary steps to enter judgment for defendant in accordance with this order and to close this case.


**SO ORDERED.**

Dated:    March 26, 2010
          Brooklyn, New York

                                    _____ /s/ _____
                                    **Kiyo A. Matsumoto**
                                    United States District Judge